UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DAVID STEPHENS, DONALD LINN DANKS, JONATHAN DESTLER, and ROBERT LAZERUS,<br><br>　　　　　　　　　　　Defendants, and<br><br>DANIEL SOLOMITA and 8198381 Canada, Inc.,<br><br>　　　　　　　　　　　Relief Defendants. | Case No.: 22-cv-1483-AJB-DEB<br><br>**ORDER:**<br><br>**(1) GRANTING THE UNITED STATES' MOTION TO INTERVENE AND JOINDER IN DEFENDANT DANKS' MOTION TO STAY PROCEEDINGS and**<br><br>**(2) GRANTING DEFENDANT DANKS' MOTION TO STAY TO STAY PROCEEDINGS PENDING RESOLUTION OF RELATED CRIMINAL CASE**<br><br>**(Doc. Nos. 11, 21)** |

## I.  BACKGROUND

This civil case is an enforcement action filed by the Securities and Exchange Commission ("SEC") against Donald Linn Danks ("Danks"), David Stephens ("Stephens"), Jonathan Destler ("Destler"), and Robert Lazerus ("Lazerus") (collectively,

"Defendants") for alleged violations of several antifraud provisions of the Securities Act of 1933 and the Securities Exchange Act of 1934. (Doc. No. 1.)

According to the Complaint, Danks, Stephens, and Destler engaged in a deceptive scheme to sell publicly traded stock in Loop Industries, Inc. ("Loop"), while concealing their ownership of the stock and connections with the company, and Lazerus worked with the group to further the scheme by helping to increase demand for Loop stock by promoting it and brokering sales to a number of investors at the same time the group was covertly selling the stock. (*Id.* at 2–3.) The SEC alleges that Defendants generated millions of dollars in proceeds from fraudulently selling the Loop stock and seeks injunctive relief barring Defendants from further violations, professional bars, disgorgement of unlawful gains, and civil penalties. (*Id.* at 3–4.) The SEC also seeks relief from Daniel Solomita and 8198381 Canada, Inc. (collectively, "Relief Defendants"), who are alleged to have received ill-gotten gains from Defendants' unlawful acts. (*Id.* at 4.)

In November 2022, the United States ("Government") filed a grand jury indictment against Defendants that overlaps with the instant SEC case. That criminal case is pending in this District. *See United States v. Stephens, et al.*, 22-cr-2701-BAS (S.D. Cal. 2022). The indictment alleges that Stephens, Danks, Destler, and Lazerus conspired to commit securities fraud, committed securities fraud, and laundered money in connection with their dealing in Loop stock.

Before the Court are two motions: (1) Danks' motion to stay proceedings pending resolution of the related criminal case; and (2) the Government's motion to intervene in this SEC case and joinder in Danks' motion to stay proceedings. (Doc. Nos. 11, 21.) There are no oppositions to either motion, and the time for such oppositions has passed.[1] For the reasons set forth below, the Court **GRANTS** the motions.

//

---

[1] Defendants Stephens, Drester, and Lazerus have not entered an appearance in this action. Relief Defendants have made an appearance and filed no opposition.

## II. MOTION TO INTERVENE

The Government moves to intervene in this SEC case to join in Danks' motion to stay proceedings pending resolution of the related criminal case. (Doc. No. 21.) "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). An applicant seeking permissive intervene "must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). The court retains "broad discretion" to permit or deny intervention. *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011).

Here, the threshold requirements are satisfied. *See Donnelly*, 159 F.3d at 412. First, the civil and criminal cases arise from the same alleged wrongdoing in connection with Loop stock, and both assert securities fraud based on the same scheme. Thus, the two actions share common questions of law and fact. Second, this action is in its early stages. The matter remains open for pleadings, and an early neutral evaluation conference has not been set. The Court therefore does not find the motion to intervene untimely. Third, the independent jurisdictional grounds requirement does not apply here because the Government is not seeking intervention to raise new claims. *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (clarifying "that the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims.").

Lastly, permitting intervention would not unduly delay or prejudice the parties' rights. The Government seeks intervention solely to join in an already pending motion to stay, and the SEC filed no opposition. Accordingly, for the foregoing reasons, the Court

3

**GRANTS** the Government's motion to intervene and joinder in Danks' motion to stay. (Doc. No. 21.)

## III.  MOTION TO STAY

Turning to the motion to stay, Danks seeks a stay of this SEC enforcement action pending the resolution of the criminal case. (Doc. No. 11.) A court has discretion to stay civil proceedings "when the interests of justice seem to require such action." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal alterations and quotations omitted). In deciding whether to stay civil proceedings in the face of a parallel criminal proceeding, the court considers "the particular circumstances and competing interests involved in the case," including "the extent to which the defendant's fifth amendment rights are implicated." *Id.* (citation omitted). Courts also generally consider the following factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 325.

Here, the Court finds that the parallel proceedings clearly implicate Danks' and his co-defendants' Fifth Amendment rights. There is no dispute that both actions implicate the same set of operative facts and civil discovery would place Defendants in a difficult dilemma. Danks explains that because the criminal indictment and civil complaint contain virtually identical allegations, his answer to the civil complaint and responses to civil discovery could compel him to provide information he would otherwise not provide given his pending indictment. Danks also states that should the SEC seek to compel his deposition in the discovery process, he would invoke his constitutional right against self-incrimination until the criminal case is resolved. Moreover, as the Government points out, invocation of

the privilege may result in severe consequences for Defendants as an adverse inference may attach to silence in civil proceedings. *See United States v. Solano-Godines*, 120 F.3d 957, 962 (9th Cir. 1997) (explaining that in civil proceedings, "the Fifth Amendment does not forbid fact finders from drawing adverse inferences against a party who refuses to testify"). Defendants therefore have a significant interest in having the SEC case stayed.

With respect to the SEC's interests, it does not appear that it would be unduly prejudiced by a delay of its case, and it filed no opposition to contend otherwise. The Government points out that absent a stay, Defendants could take advantage of the full range of discovery available in civil cases while simultaneously resisting the SEC's discovery demand by, among other things, asserting their Fifth Amendment rights. As previously mentioned, Danks has made clear that if he is compelled to answer the civil complaint and participate in the discovery process, he would be invoking his constitutional right against self-incrimination until the criminal case is resolved. Proceeding with discovery is thus unlikely to meaningfully further the SEC's litigation.

Considering the myriad of discovery disputes that are likely to arise due to this case's clear implication of Defendants' Fifth Amendment rights, the Court does not find it in the best interest of the parties or judicial resources to deny the unopposed motion to stay. Judicial efficiency counsels in favor of a stay in this case.

As to the Government's interests, the Government argues it will suffer irreparable prejudice if Defendants are permitted to obtain broad civil discovery prior to the conclusion of the criminal proceeding. In the Government's view, allowing Defendants to take depositions, serve interrogatories, and issue third party subpoenas would provide them with information not otherwise discoverable in the criminal case and thereby hamper the Government's ability to conduct an orderly investigation and prosecution. No party challenges the Government's assertions. Accordingly, the Government has made a sufficient showing prejudice in the absence of a stay

Finally, the Court finds that issuing a stay would not undermine the public's interest in preventing corporate securities fraud. *See S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072

(C.D. Cal. 2008) ("The public has a vital interest in the integrity of public markets, efficient punishment of wrongdoers, and deterrence of similar conduct by other corporate officers."). The indictment filed against Defendants in the criminal case is based on the same activities that are the subject of this lawsuit. Both actions vindicate substantially the same public interest in maintaining the integrity of public markets and preventing further securities fraud. Considering the liberty interests at stake in the criminal case, the Court finds it should take precedence over this civil action for sanctions and monetary penalties.

Accordingly, for the reasons stated above, the Court exercises its discretion to stay this civil proceeding as "the interests of justice seem to require such action." *Keating*, 45 F.3d at 324.

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** the Government's motion to intervene in this SEC case and joinder in Danks' motion to stay proceedings, and **GRANTS** Danks' motion to stay proceedings pending resolution of the related criminal case and. (Doc. Nos. 11, 21.) To ensure efficient case management, the Court **ORDERS** the parties to file a joint status report, no later than Friday, July 28, 2023, and if necessary, every 60 days thereafter, informing the Court of the status of the criminal case and whether a continued stay should remain in effect.

**IT IS SO ORDERED**.

Dated:  April 28, 2023

Hon. Anthony J. Battaglia
United States District Judge