UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>DAVID STEPHENS, et al.,<br>Defendants. | Case No.: 22-cv-01483-AJB-DEB<br>**ORDER**<br>(Doc. Nos. 50; 53) |

Before the Court are (1) the Joint Status Report filed November 13, 2026 (Doc. No. 50); (2) the United States' Non-Opposition to Request of Securities Exchange Commission to Lift the Stay on Proceedings (Doc. No. 52); and (3) Attorney Patrick Q. Hall's Motion to Withdraw as Counsel for Mr. Danks Due to an Actual Conflict of Interest (Doc. No. 53). The Court addresses each filing in turn.

## I. The Securities and Exchange Commission's Request to Lift the Stay on Proceedings

This action has been stayed since February 27, 2023, pending the resolution of a parallel criminal case against David Stephens, Donald Linn Danks, Jonathan Destler, and Robert Lazerus: *United States v. Stephens, et al.*, No. 22-cr-2701-BAS (S.D. Cal. filed Nov. 22, 2022). (Doc. No. 24.) These individuals are Defendants in this action as well. (*See* Doc.

No. 1.)[1] The stay was granted solely at the request of Defendant Donald Linn Danks ("Danks"), who asserted that his individual Fifth Amendment rights would be implicated by allowing this action to proceed concurrent with the criminal case. (Doc. No. 11-1.) The Commission did not oppose Danks' stay request (Doc. No. 11 at 2), and the United States moved to intervene and join in Danks' request (Doc. No. 21). None of the other Defendants and neither of the Relief Defendants responded to Danks' request.[2]

In the intervening time, the criminal case has proceeded. In December 2024, a Judgment of Dismissal was entered in favor of Defendant Robert Lazerus. Judgment of Dismissal, *United States v. Lazerus*, No. 22-CR-2701-BAS (S.D. Cal. Dec. 2, 2024) (Doc. No. 439). In September 2026, a jury returned a verdict against Danks. Jury Verdict, *United States v. Danks*, No. 22-CR-2701-BAS (S.D. Cal. Sept. 10, 2026) (Doc. No. 685). Danks has acknowledged that his next court date in the criminal case is February 26, 2027, for sentencing. Defendant's Acknowledgment of Next Court Date, *United States v. Danks*, No. 22-CR-2701-BAS (S.D. Cal. Nov. 6, 2026) (Doc. No. 704). The criminal charges against Defendant David Stephens ("Stephens") remain pending. (*See* Doc. No. 50 at 2.)

The Commission now asks the Court to lift the stay and (1) set deadlines for all Defendants and Relief Defendants to respond to the Complaint; (2) require the parties to file a Rule 26(f) report; and (3) participate in a pretrial conference. (*Id.*) Defendant Robert Lazerus does not oppose the Commission's request. (*Id.*)

Stephens and the Relief Defendants oppose the Commission's request. (*Id.*) Stephens notes that criminal charges remain pending against him. (*Id.*) Relief Defendants indicate that the stay should not be lifted until after restitution and any other monetary remedies are imposed against Danks. (*Id.*)

The parties do not provide Danks' position on the Commission's request. (*See id.*)

---

[1] In July 2025, the Commission voluntarily dismissed Destler as a Defendant in this matter. (Doc. No. 37.)

[2] By the time Danks filed his stay motion, all Defendants and the Relief Defendants had waived service of summonses. (Doc. Nos. 5–10.)

The United States does not oppose the Commission's request: "[g]iven the timing of the anticipated sentencing of Defendant Donald Danks in the parallel criminal case 22-CR-2701-BAS, the United States does not believe that proceeding with the civil enforcement action will adversely affect the pending criminal case." (Doc. No. 52-1.)

In light of the foregoing, the Court finds that the primary basis of the stay—Danks' assertion of a need to protect his Fifth Amendment rights (*see generally* Doc. No. 11-1)—has been mooted by the progress of the criminal case. The Court is not persuaded that the stay must remain in place either because (1) the criminal charges against Stephens remain pending or (2) Relief Defendants believe the stay should not be lifted until after Danks' sentencing. (*See* Doc. No. 50 at 2–3.) Notably, neither Stephens nor Relief Defendants provide any legal basis for their positions. (*See id.*)

Accordingly, the Court will **GRANT** the Commission's request to lift the stay on proceedings in this action. (Doc. No. 50; *see also* Doc. No. 52.)

**II. Mr. Hall's Motion to Withdraw as Counsel for Defendant Donald Linn Danks**

Mr. Hall moves for permission to withdraw from further representation of Danks "due to an actual conflict of interest which arose in the related criminal case." (Doc. No. 53 at 1.) Mr. Hall notes that he was relieved from representing Danks and "was called as a government witness at trial regarding two exhibits used in [Danks'] first trial." (*Id.* at 2.) "Judge Bashant ruled that the crime/fraud exception applied to Mr. Danks' communications with Mr. Hall regarding these two exhibits." (*Id.*) This has led to an "actual conflict" that "also relates to the subject matter of this civil action." (*Id.*)

The Court will defer ruling on Mr. Hall's motion until the parties have a chance to respond to the motion.[3]

---

[3] The Court notes that Mr. Hall did not comply with the undersigned's Civil Case Procedures in filing the motion. For example, Mr. Hall did not contact chambers to notify the Court of the motion or to obtain a hearing date for the motion. *See* J. Battaglia Civ. Case Proc. §§ III.B., V.A. Given the nature of Mr. Hall's motion, the Court will allow a one-time deviation from the undersigned's Civil Case Procedures.

## III. CONCLUSION

In light of the foregoing, the Court **ORDERS**:

(1) On or before **December 9, 2026**, the parties must file any response to Mr. Hall's motion to withdraw;

(2) On or before **December 16, 2026**, Mr. Hall may file a reply;

(3) A hearing on Mr. Hall's motion to withdraw is **SET** for **January 28, 2027, at 10:00 AM** in Courtroom 4A before the undersigned.

(4) Mr. Hall must serve a copy of this Order on Mr. Danks and file a certificate of service on or before **December 2, 2026**. Mr. Danks must appear in person for the January 28, 2027 hearing.

Regarding the Commission's request to lift the stay on proceedings in this action, the Commission's request is **GRANTED**. (Doc. No. 50.) The Court further **ORDERS**:

(5) On or before **December 9, 2026**, Stephens and Relief Defendants must respond to the Commission's Complaint. The assigned Magistrate Judge may subsequently schedule an early neutral evaluation with the parties. If necessary, the assigned Magistrate Judge will set a deadline for the Federal Rule of Civil Procedure 26(f) conference and schedule a pretrial conference under Federal Rule of Civil Procedure 16.

(6) The Court will defer setting a deadline for Danks' response to the complaint until after Mr. Hall's motion to withdraw is resolved.

**IT IS SO ORDERED**.

Dated: November 25, 2026

Hon. Anthony J. Battaglia
United States District Judge